WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jan C. Rust,<br>          Plaintiff,<br>v.<br>Carondelet Health Network,<br>          Defendant. | CV 07-22 TUC DCB<br><br><br><br><br>**ORDER** |

For all the reasons stated in the Court's Order issued on February 6, 2007, directing the Plaintiff to show cause why this Complaint should not be stricken and she should not be ordered to pay attorney fees and costs expended by Carondelet (CHN) in defending against it, the Defendant's Motion to Strike (document 4) and request for sanctions is granted.[1]

Plaintiff submits police reports and human resource documents from CHN that she asserts substantiate her claim that Defendant violated Title VII of the Civil Rights Act by retaliating against her for filing an EEOC claim, a protected activity under Title VII.

The Court has reviewed the documents submitted by the Plaintiff, and notes as it has done so before that Plaintiff's claims of retaliation, discrimination, and harassment, are allegations against her co-workers for getting involved in her love life. (CV 04-652 TUC DCB, Order filed March 24, 2005.)

This Court shall try once again to explain that it is a court of limited jurisdiction. *Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. 375, 377 (1994). Interpersonal

---

[1] The Court also relies on the reasons and law as set forth in its Order entered on Spetember 26, 2005, in *Rust v. Carondelet Health Network*, CV 04-653 TUC DCB.

office affairs of the heart or otherwise do not raise a federal question unless they involve a protected activity. Title VII protects against discrimination in the work place.

There is simply no evidence that the Defendant or any of Plaintiff's coworkers harassed her or discriminated against her because she was a woman. There is no evidence that she is a member of any other protected group of society. The Court is sympathetic to Plaintiff's plight if her employer or co-workers were mean to her or meddled in her personal affairs, but that is not a violation of her constitutional rights.

The Court is not, however, sympathetic to Plaintiff's attempt to circumvent this Court's directive that she not file any more law suits against CHN without leave of the Court. Having filed the Complaint in this action, she caused CHN to incur costs and legal fees related to their Motion to Strike. Plaintiff was warned that such costs and fees would be awarded against her as a sanction for continuing her litigious and vexatious practices in this Court.

**Accordingly,**

**IT IS ORDERED** that the Motion to Strike (document 4) is GRANTED and the case is dismissed; the Clerk of the Court shall dismiss this case and enter Judgment accordingly.

**IT IS FURTHER ORDERED** that CHN is granted its attorney fees and costs related to defending this action and may submit its request, pursuant to the Rules of Practice of the United States District Court for the District of Arizona.

DATED this 22nd day of March, 2007.

David C. Bury
United States District Judge